ORIGINAL

FILED
08/13/2024
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA
Case Number: OP 24-0435

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0435

GREGG ALLEN ZINDELL,

Petitioner,

v.

JIM SALMONSEN, WARDEN,
MONTANA STATE PRISON,
CHRIS NORDSTROM, SAM GRIFFELL and
STACEY TAYLOR,

Respondents.

ORDER

FILED

AUG 13 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Gregg Allen Zindell has filed a pleading titled, "Injunction Relief," against the Montana State Prison and some of its personnel. He states that the Board of Pardons and Parole (Board) required him to complete the second phase of the sex offender treatment program (SOP II) prior to 2024 or pass to discharge, as reflected in an attached Case Disposition, dated November 15, 2018. The Clerk of the Supreme Court has deemed Zindell's pleading a petition for a writ of habeas corpus.

Zindell is serving a twenty-year prison term for sexual intercourse without consent, committed in 2011, after a Cascade County jury found him guilty. The District Court designated him a Level 1 Sexual Offender.

Zindell argues that the action of the above-named providers of the Sex Offender-Integrated Correctional Program Model (SO-ICPM), in denying Zindell "group participation until his 'Discharge Date' is not only [illegal], but against DOC policy and 9th Circuit decision." Zindell includes copies of his correspondence (kites) with the responses received from the Warden and other personnel at the Montana State Prison. He requests that this Court "settle this matter of 'eligibility'[.]"

Even couched as a writ of habeas corpus, this Court has no authority over the Department of Corrections (DOC) or the Montana State Prison concerning parole eligibility or ineligibility. The crux of Zindell's argument is that the Board and, consequently, the members of SO-ICPM, have no authority to condition his parole. In 2018, Zindell received notice from the Board that he should complete SOP II before 2024. He did not do so.

His argument concerning alleged parole ineligibility lacks merit. More than twenty years ago, we explained that the Board has "broad discretion to grant, deny, or condition parole[.]" *McDermott v. McDonald*, 2001 MT 89, ¶ 20, 305 Mont. 166, 24 P.3d 200. "Once lawfully sentenced, however, a prisoner is not entitled to release prior to the completion of his full sentence. Parole, therefore, is a *grant of liberty*." *McDermott*, ¶ 17 (emphasis in original). A condition on parole is *not* a limitation on liberty, unlike a condition on a sentence. *McDermott*, ¶ 17 (emphasis added).

While acknowledging that the DOC has transitioned to SO-ICPM, the Board's imposition of this parole eligibility condition before his discharge is valid. We recently addressed the issue of parole eligibility and ineligibility for sexual offenders and this transition to SO-ICPM.

> Citing to § 53-1-211, MCA, the Department explains that the DOC determined that the older SABER program (SOP I, II, and III) did not meet the statutory criteria as an evidence-based program. The Department points out that with the newer, evidence-based program (MT ICPM), the DOC has combined and coordinated numerous evidence-based programming models into one stream-lined, integrated track. Beginning in November 2023, the Department states that any inmate who had been ordered to complete any level of SOP while sentenced to MSP was entered into the SO-ICPM programming model and that inmates placed on the waitlist for this programming are prioritized based upon their parole eligibility and discharge dates.

*Patterson v. Salmonsen*, No. OP 24-0045, 2024 Mont. LEXIS 390, Order, at *2-3 (Apr. 9, 2024) (footnote omitted). Zindell, by not completing SOP II prior to 2024, has been placed on the waitlist according to his 2033 prison discharge date.

2

Habeas corpus affords an applicant an opportunity to challenge collaterally the legality of his present incarceration. Section 46-22-101(1), MCA. Here, the Board has the statutory authority, under § 46-23-202(1), MCA (2011), to determine when Zindell "'can be released without detriment to [himself] or to the community[.]'" *McDermott*, ¶ 25. Zindell has not demonstrated illegal incarceration or restraint. Therefore,

IT IS ORDERED that Zindell's deemed Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Gregg Allen Zindell personally.

DATED this 13 day of August, 2024.

Chief Justice

Justices

3